Mark C. Choate, AK #8011070
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490
Facsimile: (206) 745-9576
Email: lawyers@choatelawfirm.com

Attorneys for David B. Wroten, Jr.

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| DAVID B. WROTEN, JR., <br><br>Plaintiff, <br><br>vs. <br><br>UNITED STATES AUTOMOBILE ASSOCIATION, <br><br>Defendant. | Case No. 3:20-cv-00137-SLG <br><br><br>**COMPLAINT** <br><br>**JURY TRIAL REQUESTED** |

Plaintiff, DAVID B. WROTEN, JR., by and through his counsel Choate Law Firm, LLC, alleges against Defendant, UNITED STATES AUTOMOBILE ASSOCIATION, as follows:

## PRELIMINARY ALLEGATIONS

1. Plaintiff David B. Wroten Jr. is presently a resident of Mississippi, although, at all times relevant to the Complaint, Plaintiff was a resident of the City of Fairbanks, Alaska.

2. On information and belief, Defendant United States Automobile Association ("USAA"), is an insurance company duly incorporated in Texas, licensed by the State of Alaska, and engaged in the sale and distribution of home, auto, business, life and health insurance policies within the State of Alaska.

COMPLAINT
Page 1 of 10

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00137-SLG   Document 1   Filed 06/12/20   Page 1 of 10

3. USAA does business in the state of Alaska as an insurance company and therefore, has submitted itself to the jurisdiction of the Court through doing business in Alaska and the Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, due to the nature of the claims and allegations discussed herein, and this dispute is between citizens of various states.

4. In accordance with 28 U.S.C. §§ 1391(b)(1) and (2), venue in this district is appropriate as the insured loss event at issue occurred in Fairbanks, Alaska; Plaintiff has suffered injuries, attendant to the bad faith manner in which USAA has conducted its loss investigation and adjustment in Alaska; the vast majority, if not all, of the events and activities giving rise to the claims in this complaint occurred in Alaska; and the vast majority of witnesses reside in or are found in Alaska.

## OPERATIVE FACTS

5. At all times relevant herein, Plaintiff was the named insured on an Auto Insurance Policy through Defendant USAA. That insurance, USAA Policy No.02777 45 44G 7102, was a standard form Alaska automobile liability policy, which included (1) $50,000/$100,000 of Underinsured Motorist Coverage ("UIM"); (2) $10,000 of Medical Payment coverage; and (3) Wage Earner Disability coverage of $2,000 per 30-day period. (Exhibit A).

6. The Part C of the Policy specifically provides:

> **INSURING AGREEMENT**
>
> A. **We** will pay compensatory damages which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** because of **BI** or **PD** sustained by a **covered person** and caused by an auto accident.

7. Part C, defines a "covered person" as follows:

COMPLAINT
Page 2 of 10

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00137-SLG   Document 1   Filed 06/12/20   Page 2 of 10

> **PART C – UNINSURED/UNDERINSURED MOTORISTS COVERAGE**
> (referred to as UM/UIM Coverage)
>
> **DEFINITIONS**
>
> A. "Covered person" as used in this Part means:
>
> 1. You or any family member.
>
> 2. Any other person occupying your covered auto.
>
> However, "covered person" does not include the United States of America or any of its agencies.

8. Part C, defines a "you" as follows:

> A. "You" and "your" refer to the "named insured" shown on the Declarations and spouse if a resident of the same household.

9. Consistent with every other auto insurer in Alaska, the Policy includes an AS 28.20.445(d)(1) "owned but uninsured" exclusion. Specifically, USAA does not provide UIM (or other first-party coverages) to an insured:

> 2. While **occupying** any motor vehicle owned by, but not insured by, **you** or or any **family member**. This includes a **trailer** of any type used with that vehicle.

10. On July 19, 2017, Plaintiff, age 25, was driving his motorcycle along College Road in Fairbanks, Alaska when he was hit by a truck driven by Beatric I. Huck and ejected from his motorcycle.

11. As a result of that collision, Plaintiff sustained numerous spinal fractures including but not limited to:

    a. L1 vertebral body fracture;

    b. Burst fracture at T12 with 70% spinal canal stenosis;

    c. Right transverse process fractures at T11 and L2-L4;

    d. Non-displaced right sacral alar fracture;

COMPLAINT
Page 3 of 10

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00137-SLG   Document 1   Filed 06/12/20   Page 3 of 10

  e. Right 11 and 12 rib fractures; and

  f. Right acetabular fracture;

 12. On July 19, 2017, the vehicle occupied by Plaintiff David Wroten was owned by David Wroten;

 13. On July 19, 2017, the vehicle occupied by Plaintiff was insured by Progressive Direct Insurance Company policy # 37248052-1 as amended;

 14. On August 24, 2017, Plaintiff's then counsel, Ward Merdes, notified USAA of the motorcycle collision, set forth the details of Plaintiff's serious injuries, and asserted first-party claims against USAA for the: (1) $50,000/$100,000 of Underinsured Motorist Coverage; (2) $10,000 of Medical Payment Coverage; and (3) Wage Earner Disability coverage of $2,000 per 30-day period, afforded him under the subject auto insurance policy for damages. (Exhibit B).

 15. Attached to this letter, Plaintiff included information that the motorcycle was owned by himself and insured by a Progressive insurance policy.

 16. On August 25, 2017, a USAA representative drafted a letter in response to Mr. Merdes' demand, denying UIM coverage on the sole ground that the "owned but uninsured" exclusion applied. (Exhibit C).

 17. Specifically, USAA interpreted the exclusion over-broadly, applying it to every claim where the occupied vehicle was insured by any insurer other than USAA, despite the clear facts that Plaintiff occupied a vehicle that was indisputably insured by Progressive Direct Insurance Company.

 18. In Alaska, UIM coverage "stacks" pursuant to AS 28.20.445(c), which prioritizes UIM coverages in no less than eight (8) factual contexts, as follows:

> (c) *** If a person is entitled to uninsured or underinsured motorist coverage under more than one policy providing motor vehicle liability coverage, payments will be made in the following order of priority, subject to the limit of liability of each applicable policy or coverage:

COMPLAINT
Page 4 of 10

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00137-SLG   Document 1   Filed 06/12/20   Page 4 of 10

(1) a policy or coverage covering a motor vehicle occupied by the injured person or a policy or coverage covering a pedestrian as a named insured;

(2) a policy or coverage covering a motor vehicle occupied by the injured person as an insured other than as a named insured;

(3) a policy or coverage not covering a motor vehicle occupied by the injured person but covering the injured person as a named insured;

(4) a policy or coverage not covering a motor vehicle occupied by the injured person but covering the injured person as an insured other than as a named insured;

(5) a policy or coverage covering, as excess, umbrella, or similar insurance, a motor vehicle occupied by the injured person or a policy or coverage covering, as excess, umbrella, or similar insurance, a pedestrian as a named insured;

(6) a policy or coverage covering, as excess, umbrella, or similar insurance, a motor vehicle occupied by the injured person or a policy or coverage covering, as excess, umbrella, or similar insurance, a pedestrian as an insured other than as a named insured;

(7) a policy or coverage not covering a motor vehicle occupied by the injured person but covering, as excess, umbrella, or similar insurance, the injured person as a named insured;

(8) a policy or coverage not covering a motor vehicle occupied by the injured person but covering, as excess, umbrella, or similar insurance, the injured person as an insured other than as a named insured.

19. AS 28.20.445(d) provides insurers like USAA may exclude UIM coverage for "owned, but uninsured" vehicles as follows:

(d) Uninsured and underinsured motorists coverage does not apply to bodily injury or death or damage to or destruction of property of an insured

(1) while occupying a motor vehicle owned by, but not insured by, the named insured or the insured's spouse or relative residing in the same household; or

(2) through being struck by a vehicle owned by the named insured or the insured's spouse or relative residing in the same household.

20. Nowhere in AS 28.20.445(d) does it suggest the occupied vehicle must be insured by a particular insurer, such as alleged by USAA herein. Alaska statutes state the occupied vehicle must merely be "insured";

COMPLAINT
Page 5 of 10

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00137-SLG   Document 1   Filed 06/12/20   Page 5 of 10

21. In *Hillman v. Nationwide Mut. Fire Ins. Co.*, 758 P.2d 1248, 1252 (Alaska 1988), the Supreme Court explained the breadth of statutory U/UIM coverage such is at issue herein, applying even when insureds are on pogo sticks:

> All that the statutory coverage requires is that the person injured be insured and that he or she be entitled to recover damages from the operator of the uninsured motor vehicle arising out of the use of the uninsured motor vehicle. … Statutory coverage bears no relationship to the occupancy of any particular motor vehicle by the person insured. For the policy to impose as a coverage limitation a requirement that the person insured not be occupying an owned uninsured vehicle plainly conflicts with the mandated coverage:
>
> The purpose of the statute is to protect completely, those willing to accept its protection, from all harm, whatever their status - passenger, driver, pedestrian - at the time of injury, produced by uninsured motorists. The only restrictions are that the plaintiff must be an insured, the defendant motorist uninsured, and that plaintiff be legally entitled to recover.
>
> They are insured when injured in an owned vehicle named in the policy, in an owned vehicle not named in the policy, in an unowned vehicle, on a motorcycle, on a bicycle, whether afoot or on horseback or even on a pogo stick.

22. On October 25, 2017, Plaintiff filed an action in the Superior Court of Alaska, 4FA-17-02744 CI, for a declaration that USAA's first party coverage applied to Plaintiff for the motorcycle collision.

23. On April 10, 2018, Plaintiff, through his then counsel, Ward Merdes, submitted three policy limit demands for the: (1) $50,000/$100,000 of Underinsured Motorist Coverage; (2) $10,000 of Medical Payment Coverage; and (3) Wage Earner Disability coverage of $2,000 per 30-day period, afforded him under the subject auto insurance policy for damages.

24. On May 29, 2018, in response, USAA, through its counsel, Cheryl Graves, interpleaded the UIM ($50,000) portion ("Policy Limits" amounting to $60,760.27) into the Superior Court, 4FA-17-02744 CI.

25. On June 4, 2018, Plaintiff's then counsel, Ward Merdes, objected on the basis that this interpleader was incomplete, omitting other first-party coverages for extended benefits such as Medical Payments and Wage Earner Disability coverage.

COMPLAINT
Page 6 of 10

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00137-SLG   Document 1   Filed 06/12/20   Page 6 of 10

26. On June 28, 2018, Judge McConahy accepted USAA's interpleaded funds.

27. On June 12, 2018, USAA attorney Cheryl Grave sent a letter to Plaintiff explaining that USAA refused to provide Part B "Medical Payments" and/or Wage Earner Disability coverage, relying upon an exclusion found at page 10 of 26 of USAA form 5100AK:

*We do not provide benefits under this Part for any covered person for BI:*

    *1. Sustained while occupying any vehicle that is not your covered auto unless that vehicle is:*

        *a. A four- or six-wheel land motor vehicle designed for use on public roads;*
        *b. A moving van for personal use;*
        *c. A miscellaneous vehicle; or*
        *d. A vehicle used in the business of farming or ranching*

\* \* \*

    *5. Sustained while occupying, or when struck by, any vehicle, other than your covered auto, that is owned by you.*

28. However, this reasoning directly contradicts the definition of a "covered person" provided by USAA on page 8 of 26 of Plaintiff's above-referenced USAA Policy:

    *8. "Covered person" as used in this Part means:*

        *1. You or any family member while occupying any auto.*

29. On December 12, 2018, USAA filed an Answer to the Complaint denying the cause of action for a declaration concerning UIM coverage. (Exhibit D).

30. From December 12, 2018 through June of 2019, USAA continued to contest the UIM coverage in the Superior Court through extensive settlement negotiations between the parties.

31. However, in June of 2019, USAA conceded that it was bound to pay UIM coverage under the Policy.

32. However, disbursement of the $60,760.27 in the Court registry did not occur until the issuance of a Court order on August 1, 2019.

COMPLAINT
Page 7 of 10

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00137-SLG   Document 1   Filed 06/12/20   Page 7 of 10

# FIRST CAUSE OF ACTION
(Bad Faith)

33. Plaintiff restates and incorporates by reference the allegations set forth above to the same extent as if fully set forth.

34. USAA was contractually obligated pursuant to the terms of the Policy to provide Plaintiff UIM benefits.

35. USAA deliberately chose to misconstrue that the standard UIM exclusion language overbroadly, such that coverage was not provided even if the vehicle was insured by another carrier.

36. This unreasonable interpretation caused Plaintiff to file a lawsuit in state court and wait almost two years to receive payment from USAA for the UIM coverage that he was owed.

37. Because there is an implied-in-law covenant of good faith and fair dealing inherent in the insurance contract, USAA must act in good faith toward its insured.

38. USAA has refused to honor its insurance contract with its insured.

39. USAA has conducted its loss investigation and adjustment effort in violation of at least AS 21.36.125 (a)(1), (3), (4), (6), (7), and (8).

40. In particular, USAA's bad faith conduct includes, but is not limited to, the following:

    a. Failing to fully, fairly and promptly investigate Plaintiff's claim;

    b. Unreasonably denying and/or withholding benefits owed under the policy including, among others, medical payments and wage replacement;

    c. Misconstruing the plain language of the Policy to the detriment of Plaintiff, their insured;

    d. Arbitrarily reducing and/or denying benefits owed, due and payable under the Policy;

    e. Creating an unreasonable burden upon Plaintiff for payment of benefits owed under the Policy;

COMPLAINT
Page 8 of 10

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00137-SLG   Document 1   Filed 06/12/20   Page 8 of 10

  f. Failing to give Plaintiff's interests equal consideration of that of USAA; and

  g. Denying Plaintiff's claim without a legitimate legal and/or contractual basis.

  41. Further, USAA was aware that among the purposes of insurance, it provide peace of mind to insureds and provide emotional and financial security; however, USAA acted intentionally and with reckless indifference to the rights and interests of Plaintiff by delaying and failing to pay losses/expenses covered by the Policy.

  42. USAA's refusal to honor its insurance contract with its insured, declination of coverage, and decision to conduct its loss investigation and adjustment effort in violation of AS 21.36.125 is bad faith conduct and a violation of the implied-in-law covenant of good faith.

  43. This bad faith conduct has caused damage to Plaintiff, the exact amount to be proven at time of trial.

## FOURTH CAUSE OF ACTION
(Punitive Damages)

  44. Plaintiff restates and incorporates by reference the allegations set forth above to the same extent as if fully set forth.

  45. The misrepresentations, statements and actions of USAA referred to in this complaint were outrageous, deliberate, intentional and committed with malice and/or bad motives and evidenced reckless indifference to the interests and rights of Plaintiff.

  46. Therefore, Plaintiff is entitled to punitive damages in accord with proof at time of trial, but in excess of $1,000,000.

## JURY TRIAL REQUESTED

Plaintiff requests jury trial on all issues so triable in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

  1. For all damages Plaintiff suffered as a result of USAA's breach of the insurance contract and the bad faith manner in which USAA conducted its loss investigation and adjustment in accordance with proof at time of trial;

COMPLAINT
Page 9 of 10

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00137-SLG Document 1 Filed 06/12/20 Page 9 of 10

2. For punitive damages of $1,000,000 in accordance with proof at time of trial;

3. For pre-judgment interest;

4. An award of costs and attorneys' fees as provided by law; and

5. Such other relief as the court may deem just and equitable.

Dated: June 11, 2020

By: *s/Mark Choate*
Mark C. Choate, AK #8011070
Attorney for Plaintiff

COMPLAINT
Page 10 of 10

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 3:20-cv-00137-SLG   Document 1   Filed 06/12/20   Page 10 of 10