# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID B. WROTEN, JR.,<br><br>           Plaintiff,<br><br>    v.<br><br>USAA GENERAL INDEMNITY COMPANY,<br><br>           Defendant. | Case No. 3:20-cv-00137-SLG |

## ORDER RE MOTION FOR SUMMARY JUDGMENT

Before the Court at Docket 12 is Defendant USAA General Indemnity Company's ("USAA") Motion for Summary Judgment. Plaintiff David Wroten responded at Docket 19. USAA replied at Docket 21.

## BACKGROUND

The parties do not dispute the relevant facts as set forth in USAA's Motion for Summary Judgment.[1] On July 19, 2017, Mr. Wroten was seriously injured while driving his motorcycle in an accident involving another vehicle.[2] Mr. Wroten was the named insured on an auto policy issued by USAA, which listed a Ford F-150 and a Ford Fusion in the policy declarations, but did not list his motorcycle.[3] Mr.

---

[1] Docket 19 at 4 ("Plaintiff does not dispute the facts in USAA's motion for summary judgment.").

[2] Docket 5 at 3–4, ¶¶ 10–12 (Am. Compl.); Docket 8 at 3–4 ¶¶ 10–12 (Answer).

[3] Docket 5 at 2, ¶ 5 (Am. Compl.); Docket 8 at 2–3, ¶ 5 (Answer); Docket 12-1 at 6 (USAA policy).

Wroten's motorcycle was insured under a separate policy issued by Progressive Direct Insurance Co.[4] On August 24, 2017, Mr. Wroten notified USAA of the motorcycle collision and asserted claims for underinsured motorist coverage ("UIM"), medical coverage, and wage earner disability coverage through his then-counsel, Ward Merdes.[5] In a letter dated August 25, 2017, USAA responded that it "did not write a policy for coverage of Mr. Wroten's 2015 Honda motorcycle."[6] USAA denied Mr. Wroten's UIM claim based on an exclusion in his policy that states that USAA "do[es] not provide UM/UIM coverage for [bodily injury] or [property damage] by any covered person . . . [w]hile occupying any motor vehicle owned by, but not insured by, you or any family member."[7]

On October 25, 2017, Mr. Wroten filed an action in the Alaska Superior Court for a declaration that USAA's policy coverage applied to his motorcycle accident, as well as for damages resulting from USAA's denial of coverage.[8] On January 2, 2018, counsel for USAA, Cheryl Graves, communicated to Mr. Merdes that USAA would pay the UIM claim in exchange for dismissal of the state action with prejudice rather than litigate the coverage issue, but maintained its position that the UIM

---

[4] Docket 5 at 4, ¶ 13 (Amended Complaint); Docket 8 at 4, ¶ 13 (Answer). Mr. Wroten received the UIM policy limits under the Progressive policy covering his motorcycle. Docket 13 at 5.

[5] Docket 5 at 4, ¶ 14 (Amended Complaint); Docket 8 at 4, ¶ 14 (Answer).

[6] Docket 12-4 at 1 (USAA letter).

[7] Docket 12-4 at 1 (USAA letter).

[8] Docket 5 at 6 ¶ 22 (Amended Complaint); Docket 8 at 5, ¶ 22 (Answer).

Case No. 3:20-cv-00137-SLG, *Wroten v. USAA General Indemnity Co.*
Order re Motion for Summary Judgment
Page 2 of 15
Case 3:20-cv-00137-SLG   Document 22   Filed 04/26/21   Page 2 of 15

coverage claim was excluded from the policy.[9] Later that day, Mr. Merdes responded that he would agree to dismiss the state action in exchange for payment of the UIM claim if USAA agreed in writing that it "relied upon its policy language in its auto policy . . . to INCORRECTLY deny Mr. Wroten's UIM 'Policy Limits' demand" and that neither the policy nor Alaska state law "provides any basis for USAA to deny UIM claim from USAA insureds who suffered bodily injury<u>while [sic] occupying a vehicle insured by **another** insurance company.</u>"[10] On April 10, 2018, Mr. Merdes again rejected USAA's offers to pay the UIM coverage to settle the litigation, and requested payment of the UIM claim, medical coverage claim, and extended benefits under the medical coverage.[11]

On May 29, 2018, USAA moved to deposit the UIM policy limits with the state court, pending resolution of the litigation and of claims to the funds by various lienholders.[12] On June 28, 2018, the state court granted the motion, and on July 16, 2018, USAA deposited $60,760.27 with that court.[13] Ultimately, Mr. Wroten abandoned his claims to medical coverage and extended benefits coverage and agreed to settle the UIM claim.[14] On August 1, 2019, the state court ordered that

---

[9] Docket 12-20 at 2, ¶ 3 (Graves Aff.).

[10] Docket 12-6 at 1–2 (Merdes e-mail).

[11] Docket 12-9 (Gravers letter).

[12] Docket 12-10 (State court motion).

[13] Docket 13 at 8 (citing Docket 12-12 (State court order) and Docket 12-13 (UIM payment)).

[14] Docket 12-20 at 4–5, ¶ 11 (Graves Aff.).

Case No. 3:20-cv-00137-SLG, *Wroten v. USAA General Indemnity Co.*
Order re Motion for Summary Judgment
Page 3 of 15
Case 3:20-cv-00137-SLG   Document 22   Filed 04/26/21   Page 3 of 15

the UIM funds be disbursed to Mr. Wroten and the parties stipulated to dismissal of the state action, but without extinguishing any extra-contractual claims Mr. Wroten might have against USAA.[15] On June 12, 2020, Mr. Wroten filed this action against USAA, alleging that USAA had initially denied his UIM claim in bad faith.[16]

## DISCUSSION

### I. Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

### II. Standard for Summary Judgment

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the moving party.[17] If the moving party meets this burden, the non-moving party must present specific factual evidence demonstrating the existence of a genuine issue of fact.[18] The non-moving party may not rely on mere allegations or denials.[19] Rather, that

---

[15] Docket 12-18 (Ex. Q).

[16] Docket 1.

[17] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[18] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[19] *Id.*

Case No. 3:20-cv-00137-SLG, *Wroten v. USAA General Indemnity Co.*
Order re Motion for Summary Judgment
Page 4 of 15
Case 3:20-cv-00137-SLG   Document 22   Filed 04/26/21   Page 4 of 15

party must demonstrate that enough evidence supports the alleged factual dispute to require a finder of fact to make a determination at trial between the parties' differing versions of the truth.[20]

When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[21] To reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[22] If the evidence provided by the non-moving party is "merely colorable" or "not significantly probative," summary judgment is appropriate.[23]

### III. Bad Faith

#### A. Legal Standard

Under diversity jurisdiction, the Court applies federal procedural law and Alaska substantive law.[24] Under Alaska law, "the covenant of good faith and fair dealing . . . is implied in all contracts."[25] Establishing a bad faith claim requires

---

[20] *Id.* (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)).

[21] *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

[22] *Id.* at 248.

[23] *Id.* at 249–50.

[24] *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

[25] *Lockwood v. Geico Gen. Ins. Co.*, 323 P.3d 691, 697 (Alaska 2014) (alteration in original) (quoting *State Farm Mut. Auto. Ins. Co. v. Weiford*, 831 P.2d 1264, 1266 (Alaska 1992)).

Case No. 3:20-cv-00137-SLG, *Wroten v. USAA General Indemnity Co.*
Order re Motion for Summary Judgment
Page 5 of 15
Case 3:20-cv-00137-SLG   Document 22   Filed 04/26/21   Page 5 of 15

"the insured to show that the insurer's actions were objectively unreasonable under the circumstances."[26] When a bad faith claim is based on a denial of coverage, a plaintiff must show that "the insurance company's refusal to honor a claim be made without a reasonable basis."[27]

### B. The Alaska UIM Statute and the Policy

AS 28.20.440(b)(3) requires that insurers provide UIM coverage in their auto policies. AS 28.20.445(d)(1) creates an exclusion whereby UIM coverage "does not apply to bodily injury . . . of an insured . . . while occupying a motor vehicle owned by, but not insured by, the named insured . . . ."

The USAA policy covering Mr. Wroten provides the following exclusion to UIM coverage:

> A. We do not provide UM/UIM Coverage for BI or PD sustained by any covered person:
> . . .
> 2. While occupying any motor vehicle owned by, but not insured by, you or [] any family member.[28]

### C. USAA Had a Reasonable Basis for Denying the UIM Claim

USAA asserts that Mr. Wroten cannot establish that USAA lacked a reasonable basis for denying his UIM claim. USAA maintains that "[t]here is no question that the exclusion in the Policy is valid" because "it is taken directly from

---

[26] *Lockwood*, 323 P.3d at 697.

[27] *Hillman v. Nationwide Mut. Fire Ins. Co.*, 855 P.2d 1321, 1324 (Alaska 1993) (*Hillman II*).

[28] Docket 12-1 at 22 (USAA policy).

Case No. 3:20-cv-00137-SLG, *Wroten v. USAA General Indemnity Co.*
Order re Motion for Summary Judgment
Page 6 of 15
Case 3:20-cv-00137-SLG   Document 22   Filed 04/26/21   Page 6 of 15

and functionally duplicates the wording of AS 28.20.445(d)(1)."[29]   Thus, USAA contends that Mr. Wroten can only defeat summary judgment by "proving that the exclusion cannot reasonably be interpreted to require that the vehicle owned and occupied by the covered person at the time of the injury giving rise to the claim be insured on the policy under which the covered person was asserting the claim."[30] USAA maintains that that Mr. Wroten cannot establish that USAA's interpretation was unreasonable because courts both within and outside of Alaska have interpreted similar "other owned vehicle" provisions to exclude vehicles not covered by the policy against which the UIM claim is brought.[31]  USAA additionally asserts that the 19-month delay between when USAA first offered to pay the UIM claim and when Mr. Wroten accepted the payment is attributable to Mr. Merdes, rather than USAA.[32]

Mr. Wroten "does not dispute that his [UIM] claim could be barred by the applicable provisions in the USAA policy."[33]  Instead, Mr. Wroten maintains that "those provisions are contrary to Alaska law" because AS 28.20.445(d)(1) "does

---

[29] Docket 13 at 22.

[30] Docket 13 at 22.

[31] Docket 13 at 22 (citing *Konichek v. GEICO Gen. Ins. Co.*, Case No. 4FA-13-02142CI, 2014 WL 8396288 (Alaska Super. 2014); *Venegas v. State Farm Mut. Auto Ins. Co.*, Case No. 3AN0807889, 2010 WL 9525114 (Alaska Super. 2010); 1 Widiss and Thomas, *Uninsured and Underinsured Motorist Insurance*, § 4.19A, pp. 173–75 (Rev. 3rd Ed. 2005)).

[32] Docket 13 at 29.

[33] Docket 19 at 9.

Case No. 3:20-cv-00137-SLG,  *Wroten v. USAA General Indemnity Co.*
Order re Motion for Summary Judgment
Page 7 of 15
Case 3:20-cv-00137-SLG   Document 22   Filed 04/26/21   Page 7 of 15

not permit the exclusion proffered."[34]  Specifically, Mr. Wroten maintains that while Alaska law "implies that an insurer may limit a UIM policy to not cover certain *uninsured* vehicles," it does not permit excluding "other vehicles owned and insured by the claimant, even if insured by a different insurer."[35]  Mr. Wroten also asserts that USAA had "unambiguous notice of the precariousness of its interpretation" based on "30 years of Alaska case law."[36]  Thus, he maintains that "USAA's interpretation reduces the scope of coverage beyond the limited exclusion of vehicles owned by the insured but not insured by him," and USAA's denial of Mr. Wroten's claim based on this interpretation was unreasonable.[37]  Mr. Wroten also maintains that even discounting the 19 months that USAA attributes to Mr. Merdes, the initial four-month delay between the UIM claim and USAA's offer to pay sufficiently supports the bad faith claim.[38]

In reply, USAA stresses that "[t]he issue is not whether USAA's coverage position was legally correct, but whether it had a reasonable basis for its position . . . ."[39]  USAA adds that "[b]ecause the initial coverage denial was

---

[34] Docket 19 at 9–10.

[35] Docket 19 at 11.

[36] Docket 19 at 14 (citing *Hillman v. Nationwide Mut. Fire Ins. Co.*, 758 P.2d 1248 (Alaska 1988) (*Hillman I*); *Burton v. State Farm. Fire & Cas. Co.*, 796 P.2d 1361 (Alaska 1990); and *Foster v. Progressive Direct Auto Ins. Co.*, Case No. 4FA-17-01601 CI (Alaska Super. March 19, 2018)).

[37] Docket 19 at 11.

[38] Docket 19 at 14.

[39] Docket 21 at 6.

Case No. 3:20-cv-00137-SLG, *Wroten v. USAA General Indemnity Co.*
Order re Motion for Summary Judgment
Page 8 of 15

reasonable, the fact that USAA [] did not pay the claim until four months after it was first presented was not unreasonable."[40]

In *Hillman I*, the Alaska Supreme Court held that a similar UIM policy exclusion was invalid under Alaska state law as it existed prior to the passage of AS 28.20.445(d)(1).[41] In *Hillman II*, a continuation of *Hillman I*, the court held that although that court had held the exclusion was invalid, the insurer had nonetheless acted reasonably when it denied the claim based on the exclusion before *Hillman I* had been decided.[42] The court noted that two of the five justices in *Hillman I* would have found the exclusion valid, and that a "respectable minority" of jurisdictions agreed with those dissenters.[43] The Alaska Supreme Court therefore concluded that there were no genuine issues of material fact as to the reasonableness of the insurer's denial of coverage and affirmed the grant of summary judgment in favor of the insurer on the plaintiff's bad faith claims.[44]

---

[40] Docket 21 at 12.

[41] *Hillman I*, 758 P.2d at 1252–53. Prior to the passage of AS 28.20.445(d)(1), Alaska law required UIM/UI coverage "for the protection of the persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured motor vehicles," but did not contain a statutory uninsured vehicle exclusion and did not permit narrower coverage than prescribed by this statute. *Id.* at 1251 & n.2. As the Alaska Supreme Court explained in *Hillman I*, "[a]ll that the statutory coverage require[d] is that the person injured be insured and that he or she be entitled to recover damages from the operator of the uninsured motor vehicle arising out of the use of the uninsured motor vehicle." *Id.* at 1252.

[42] 855 P.2d at 1326.

[43] *Id.* at 1325–26.

[44] *Id.* at 1326.

Case No. 3:20-cv-00137-SLG, *Wroten v. USAA General Indemnity Co.*
Order re Motion for Summary Judgment
Page 9 of 15
Case 3:20-cv-00137-SLG   Document 22   Filed 04/26/21   Page 9 of 15

Here, the Court agrees with USAA that there are no genuine issues of fact regarding the reasonableness of USAA's denial of coverage. The Alaska Supreme Court has not clarified the definition of "insured by" contained in AS 28.20.445(d)(1). But USAA has identified at least two Alaska Superior Court cases that have determined that UIM coverage exclusions that "only permit[] the insured to recover UIM[] benefits under liability policies that cover the occupied vehicle" are authorized by AS 28.20.445(d)(1).[45] As in *Hillman II*, given the lack of controlling Alaska Supreme Court precedent, these state trial court cases support USAA's assertion that its interpretation of the controlling statute was reasonable. And given that Mr. Wroten "does not dispute that his claim could be barred by the applicable provisions in the USAA policy," it follows that USAA had a reasonable basis for denying Mr. Wroten's UIM claim.[46]

Mr. Wroten does not meaningfully distinguish USAA's cited cases. Mr. Wroten maintains that *Konichek v. GEICO General Ins. Co.* is inapposite because the plaintiff in that case was injured while occupying a car owned and insured by

---

[45] *Konichek*, 2014 WL 8396288, at *4; *Venegas*, 2010 WL 9525114, at *1–*3.

[46] Docket 19 at 9. Later in his response, Mr. Wroten asserts that "questions of fact remain as to whether USAA's interpretation of the exclusion was objectively unreasonable, given that the exclusion contradicted other language in the policy." Docket 19 at 14. But Mr. Wroten does not identify any contradictory provisions nor develop this argument beyond this single conclusory statement and two broad legal citations. This argument is too underdeveloped to address. *See, e.g.*, *Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 873 n.34 (9th Cir. 2001) (declining to consider argument contained in single sentence because it was "too undeveloped to be capable of assessment"); *Ventress v. Japan Airlines*, 747 F.3d 716, 723 n.8 (9th Cir. 2014) ("Ventress also asserts in passing that the FAA does not apply to 'foreign' air carriers like JAL. We decline to address this undeveloped argument, which is not supported by citations to the record, argument, or any legal authority.").

Case No. 3:20-cv-00137-SLG, *Wroten v. USAA General Indemnity Co.*
Order re Motion for Summary Judgment
Page 10 of 15
Case 3:20-cv-00137-SLG   Document 22   Filed 04/26/21   Page 10 of 15

her son but made a UIM claim under her daughter's policy.[47] Thus, Mr. Wroten asserts that because the plaintiff was occupying a vehicle not insured by her daughter, the claim was "expressly covered by the statutory exclusion of AS 28.20.445(d)(1)" and properly denied.[48] But the policy exclusion in that case generally limited UIM coverage to accidents involving vehicles covered by that policy.[49] The court framed the issue before it as "whether the GEICO policy's definition of 'insured auto,' requiring coverage under the GEICO policy (as opposed to alternate methods of coverage), complies with Alaska state law."[50] In upholding GEICO's interpretation of the exclusion to require coverage under the GEICO policy, the court reasoned that "adopting GEICO's narrow interpretation of 'insured by' ensures that an individual cannot obtain UM/UIM coverage for a fleet of vehicles by purchasing a UM/UIM policy that merely covers one vehicle," which is similar to the facts of this case.[51]

Moreover, the court in *Konichek* cited another Alaska Superior Court case, *Venegas v. State Farm Mutual Auto Insurance Co.*, which is very similar to this

---

[47] Docket 19 at 13; 2014 WL 8396288, at *2.

[48] Docket 19 at 13.

[49] *Konichek*, 2014 WL 8396288, at *2 ("The GEICO policy defines 'insured auto' as an auto 'described in the declarations and covered by the bodily injury and property damage liability coverage of this policy,' or a temporary substitute thereof.").

[50] *Id.*

[51] *Id.*, at *4.

Case No. 3:20-cv-00137-SLG, *Wroten v. USAA General Indemnity Co.*
Order re Motion for Summary Judgment
Page 11 of 15
Case 3:20-cv-00137-SLG   Document 22   Filed 04/26/21   Page 11 of 15

case.[52] In *Venegas*, the plaintiff was injured while driving his Chevy Caprice, which was insured by National Casualty, and made a UIM claim under a policy with State Farm that covered his Chevy Tahoe.[53] The State Farm policy stated that "we do not provide uninsured/underinsured motorists coverage for 'bodily injury' sustained by any 'insured' . . . while 'occupying' . . . a motor vehicle owned by you . . . which is not insured for this coverage under this policy."[54] The trial court granted summary judgment to State Farm, holding that that "[t]his language does not extend the exclusion in the policy beyond that allowed by statute."[55] The court explained that the Alaska "legislature and the governor felt it appropriate to allow insurance companies to exclude from UIM coverage those situations where the vehicle is owned by the injured person but not insured *by the policy the claim is being made against.*"[56] These state court decisions, along with *Hillman II*, provided USAA with a reasonable basis for concluding that its exclusion was lawful under Alaska law.

Mr. Wroten has identified an Alaska Superior Court case that held differently, but that does not alter the Court's conclusion. He cites to *Foster v. Progressive*

---

[52] 2010 WL 9525114.

[53] *Id.*, at *1.

[54] *Id.*, at *2 (alterations in original).

[55] *Id.*

[56] *Id.* (emphasis added).

Case No. 3:20-cv-00137-SLG, *Wroten v. USAA General Indemnity Co.*
Order re Motion for Summary Judgment
Page 12 of 15
Case 3:20-cv-00137-SLG   Document 22   Filed 04/26/21   Page 12 of 15

*Direct Auto Insurance Co.*, in which the Alaska Superior Court faced a similar set of facts and held that Alaska law did not permit the insurer to limit UIM coverage to where the insured is injured while occupying a vehicle that is covered by the policy against which the claim is brought.[57] Notably, this opinion was issued after USAA had already offered to pay Mr. Wroten's UIM claim, and thus could not have provided notice that its initial denial was contrary to Alaska state law. But even if *Foster* had been issued before USAA's initial denial, reasonable disagreement between nonbinding authorities would not have left USAA without a reasonable basis for denying the claim.[58] While *Foster* might be persuasive authority if the Court was deciding whether USAA's interpretation actually comports with Alaska law, the question before the Court at this time is simply whether USAA had a reasonable basis for determining its interpretation was lawful.[59]

Mr. Wroten also quotes *Hillman I*, in which the Alaska Supreme Court stated that "[s]tatutory coverage bears no relationship to the occupancy of any particular motor vehicle by the person insured . . . They are insured when injured in an owned vehicle named in the policy, [or] in an owned vehicle not named in the policy . . . ."[60]

---

[57] Case No. 4FA-17-01601 CI; Docket 19-1.

[58] *See Hillman II*, 855 P.2d 1325–26 (holding insurer had a reasonable basis for believing coverage exclusion valid where, in the absence of controlling precedent at time of denial, a "respectable minority" of jurisdictions took same position as insurer).

[59] *See id. at* 1325 ("The question in this [bad faith] case is whether Nationwide was unreasonable in treating the exclusion as valid.").

[60] 758 P.2d at 1252.

Case No. 3:20-cv-00137-SLG, *Wroten v. USAA General Indemnity Co.*
Order re Motion for Summary Judgment
Page 13 of 15
Case 3:20-cv-00137-SLG   Document 22   Filed 04/26/21   Page 13 of 15

The Court agrees with Mr. Wroten that "the centerpiece of *Hillman I* . . . remains in place: the only effective exclusions in a UI/UIM policy are exclusions permitted by statute."[61] But because the substantive holding in *Hillman I* is no longer applicable due to the subsequent enactment of AS 28.20.445(d)(1), it does not support Mr. Wroten's contention that USAA's exclusion was so obviously unlawful as to be unreasonable.[62] Additionally, Mr. Wroten cites *Burton v. State Farm Fire and Casualty Co.*[63] There again, the Alaska Supreme Court did not interpret or apply AS 28.20.445(d)(1). Instead, that case revolved around the definition of an underinsured motor vehicle.[64] Thus, *Burton* likewise does not render USAA's denial of Mr. Wroten's coverage unreasonable.

Finally, because the Court finds that USAA had a reasonable basis for denying Mr. Wroten's UIM claim, the four-month delay in offering to pay Mr. Wroten's UIM claim is immaterial.

In short, Mr. Wroten does not dispute that his claim could be excluded under USAA's policy. Moreover, Mr. Wroten has not identified controlling precedent or statutory provisions that make USAA's interpretation of the exclusion

---

[61] Docket 19 at 10.

[62] *Hillman I*, 758 P.2d at 1252–53; *see Konichek*, 2014 WL 8396288, at *4 ("AS § 28.20.445(d)(1) invalidates the Court's determination in *Hillman* that it is irrelevant where an insured plaintiff was located at the time of injury, or whether the plaintiff occupied any particular vehicle.").

[63] 796 P.2d 1361.

[64] *Id.* at 1363.

Case No. 3:20-cv-00137-SLG, *Wroten v. USAA General Indemnity Co.*
Order re Motion for Summary Judgment
Page 14 of 15
Case 3:20-cv-00137-SLG   Document 22   Filed 04/26/21   Page 14 of 15

unreasonable, whereas USAA has pointed to case law supporting its decision to apply the exclusion as not unreasonable and permitted by AS 28.20.445(d)(1). Thus, as there are no material facts in dispute regarding Mr. Wroten's bad faith claim, USAA's denial of Mr. Wroten's UIM claim was reasonable as a matter of law.[65]

## CONCLUSION

Based on the foregoing, Defendant USAA General Indemnity Company's Motion for Summary Judgment at Docket 12 is GRANTED. The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 23rd day of April, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[65] *See Hillman II*, 855 P.2d at 1325–26.

Case No. 3:20-cv-00137-SLG, *Wroten v. USAA General Indemnity Co.*
Order re Motion for Summary Judgment
Page 15 of 15
Case 3:20-cv-00137-SLG   Document 22   Filed 04/26/21   Page 15 of 15